**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| THE UNITED STATES OF AMERICA ex rel. ARLENE COHEN, Relator,<br><br>                Plaintiff,<br><br>  v.<br><br>CITY OF PALMER, ALASKA, a Political Subdivision of the State of Alaska,<br><br>                Defendant. | Case No. 3:11-cv-00199-SLG |

## ORDER RE MOTION TO DISMISS

Before the Court at Docket 47 is Defendant City of Palmer's Motion to Dismiss Second Amended Complaint ("SAC"). Palmer asserts the SAC should be dismissed with prejudice under Federal Rules of Civil Procedure 12(b)(6) and 9(b).[1] The motion has been fully briefed.[2] Oral argument was not requested by either party and was not necessary to the Court's decision. For the reasons set forth below, the motion will be granted and the SAC dismissed. Leave to amend will be granted only with respect to the stockpiling claim; the remaining claims will be dismissed with prejudice.

## BACKGROUND

Arlene Cohen initiated this False Claims Act ("FCA") case on October 7, 2011 as Relator on behalf of the United States against the City of Palmer, Alaska.[3] She contends that beginning in 2009 and continuing through sometime in 2011–2013,

---

[1] Docket 47 at 3 (Mot.).

[2] Docket 51 (Opp'n); Docket 53 (Reply). Palmer initially filed its reply at Docket 52; it refiled at Docket 53 to correct a filing error.

[3] Docket 1 (Compl.); *see also* Docket 36 at 1 (Order Granting Mot. to Dismiss FAC) (discussing the FCA). Ms. Cohen was represented by counsel at that time.

Palmer violated the FCA in its use of American Recovery and Reinvestment Act ("ARRA") grant funds for two public works construction projects: a water main replacement project and a wastewater treatment plant improvement project.[4] On August 27, 2012, the United States declined to intervene.[5]

On November 9, 2012, Ms. Cohen filed the First Amended Complaint ("FAC").[6] On August 26, 2013, this Court issued an Order granting Palmer's motion to dismiss the FAC, with partial leave to amend.[7] The Court began by discussing the FCA's public disclosure rule, which bars an FCA action brought by a private individual if the allegations were "publicly disclosed"—unless the individual is an "original source" of the information.[8] The Court explained that the statute that sets out the public disclosure rule was amended effective March 23, 2010. Under the prior version of the statute, public disclosure deprived a court of subject matter jurisdiction, but under the amended version, public disclosure is grounds for dismissal.[9]

Relying on the prior version of the statute, the Court dismissed with prejudice Ms. Cohen's pre-March 23, 2010 ("pre-March 2010") claims for lack of subject matter jurisdiction. The Court found that the allegations forming the basis of these claims had

---

[4] *See* Docket 40 at 1–14 ¶¶ 1–27 (SAC).

[5] Docket 17 (United States' Notice of Election to Decline Intervention); *see also* Docket 18 (Order re United States' Notice of Election to Decline Intervention).

[6] Docket 23 (FAC). The parties stipulated to permit the FAC. *See* Docket 21 (Stipulation to Am. Compl. & Extend Time for Def.'s Resp.). Ms. Cohen was represented by counsel at that time.

[7] Docket 36 (Order Granting Mot. to Dismiss FAC). Ms. Cohen was represented by counsel in the briefing and at oral argument on the motion to dismiss the FAC.

[8] *See* 31 U.S.C. § 3730(e)(4).

[9] Docket 36 at 6 & n.17 (Order Granting Mot. to Dismiss FAC).

3:11-cv-00199-SLG, *United States ex rel. Cohen v. City of Palmer*
Order re Motion to Dismiss
Page 2 of 13

been publicly disclosed, and that Ms. Cohen was not an original source of the information.[10]

With respect to the post-March 23, 2010 ("post-March 2010") claims, the Court did not address public disclosure. Instead, the Court found that these "claims . . . do not pass muster under Federal Rules of Civil Procedure 9(b) and 12(b)(6)."[11] The Court dismissed the claims with leave to amend.[12] The Court stated that Rule 9(b) requires a complaint to identify "the who, what, when, where, and how" of the alleged misconduct.[13]

In September 2013, Ms. Cohen's counsel withdrew from representation.[14] Ms. Cohen, now self-represented, filed the SAC on October 22, 2013.[15] The substance of the SAC does not differ materially from the FAC. In fact, many of the sentences in the first 14 pages of the SAC are identical to those set out in the 11-page FAC, although the SAC is a bit more detailed.[16] The remaining 31 pages of the SAC focus primarily on

---

[10] Docket 36 at 7–21, 26 (Order Granting Mot. to Dismiss FAC).

[11] Docket 36 at 21–26 (Order Granting Mot. to Dismiss FAC).

[12] Docket 36 at 26 (Order Granting Mot. to Dismiss FAC).

[13] *See* Docket 36 at 22–24 (Order Granting Mot. to Dismiss FAC).

[14] Docket 37 (Mot. to Withdraw); Docket 39 (Order Granting Mot. to Withdraw).

[15] Docket 40 (SAC).

[16] *Compare* Docket 40 at 1–14 ¶¶ 1–27 (SAC), *with* Docket 23 at 1–10 ¶¶ 1–25 (FAC).

3:11-cv-00199-SLG, *United States ex rel. Cohen v. City of Palmer*
Order re Motion to Dismiss
Page 3 of 13

Ms. Cohen's investigation and her contention that she is an "original source" of the information forming the basis of her FCA claims against Palmer.[17]

Palmer moved to dismiss the SAC on January 6, 2014.[18] Ms. Cohen opposed on February 3, 2014,[19] and Palmer replied on February 25, 2014.[20] In March 2014, Ms. Cohen's former counsel reentered an appearance in this action, but he has made no other filings.[21]

## DISCUSSION

### I. Jurisdiction.

This Court has jurisdiction over the SAC's post-March 2010 claims under 28 U.S.C. § 1331 and 31 U.S.C. § 3732(a).

### II. Standard of Review.

An explanation of the dismissal standard under Federal Rules of Civil Procedure 12(b)(6) and 9(b) is set forth in the Court's Order dismissing the FAC.[22]

### III. Analysis.

#### A. Factual Allegations in the SAC.

---

[17] See Docket 40 at 14–47 ¶¶ 28–116 (SAC). This portion of the SAC appears to include arguments concerning pre-March 2010 claims, but those claims have been dismissed with prejudice.

[18] Docket 47 (Mot.). Palmer attached certain documents to its motion; however, the Court did not consider these in deciding the motion. Cf. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

[19] Docket 51 (Opp'n). Like Palmer, Ms. Cohen attached certain documents to her opposition, but the Court did not consider these in deciding the motion. See supra note 18.

[20] Docket 53 (Reply); see also Docket 52 (Reply); supra note 2.

[21] See Docket 54 (Notice of Appearance).

[22] See Docket 36 at 21–22 (Order Granting Mot. to Dismiss FAC).

3:11-cv-00199-SLG, *United States ex rel. Cohen v. City of Palmer*
Order re Motion to Dismiss
Page 4 of 13

The SAC alleges that in mid-2009, Palmer applied for two ARRA grants[23]: one for a water main replacement project and one for a wastewater treatment plant improvement project.[24] In these grant applications, Palmer acknowledged certain ARRA provisions governing use of ARRA grant funds.[25] On September 24, 2009, Palmer was awarded a $2,500,000 ARRA grant for each project.[26] On that day, Bill Allen on behalf of Palmer signed two identical forms, one for each grant, in which he "agreed to the 'standard terms and conditions for financial assistance awards (grants, cooperative agreements, and loans) under ARRA.'"[27] The next day, he signed a form for each grant certifying "that the [ARRA] Grant Funds will be used to create jobs and promote economic growth," and that they "will be expended only for the purposes and subject to the restrictions identified in ARRA and the Grant Program."[28]

With respect to the water main replacement project, the SAC alleges that Palmer violated the FCA "in no less than thirty-six (36) payment request submissions" from

---

[23] The Court briefly explained the history, purpose, and operation of ARRA in its Order dismissing the FAC. See Docket 36 at 2 (Order Granting Mot. to Dismiss FAC).

[24] See Docket 40 at 5–6 ¶ 9(a) (referencing Docket 1-4 (Water Main Grant Application) and Docket 1-5 (Wastewater Grant Application)). The SAC references several documents attached to the original complaint, such as the grant applications. The Court explained in its prior Order that an amended complaint supersedes the original complaint in its entirety. See Docket 36 at 22 n.77 (Order Granting Mot. to Dismiss FAC). Nonetheless, the Court has considered these documents attached to the original complaint in deciding this motion to dismiss.

[25] See Docket 40 at 5–6 ¶ 9; Docket 1-4 (Water Main Grant Application); Docket 1-5 (Wastewater Grant Application).

[26] Docket 40 at 2–3 ¶ 3 (SAC).

[27] Docket 40 at 3–6 ¶¶ 3, 9(a) (SAC); Docket 1-6 (Water Main Award); Docket 1-7 (Wastewater Award).

[28] Docket 40 at 7 ¶ 10 (SAC); Docket 1-8 (Certification Forms).

3:11-cv-00199-SLG, *United States ex rel. Cohen v. City of Palmer*
Order re Motion to Dismiss
Page 5 of 13

2009 to June 30, 2013.[29] With respect to the wastewater treatment plant improvement project, the SAC alleges that Palmer violated the FCA "in no less than twelve (12) payment request submissions" from 2009 to March 31, 2011.[30] The thrust of the SAC appears to be that in making these payment requests, Palmer impliedly falsely certified its compliance with certain ARRA requirements, thereby violating the FCA.

As explained in the Court's Order dismissing the FAC, the alleged false certifications can be grouped into four distinct claims: (1) failure to conduct competitive bidding,[31] (2) failure to create jobs, (3) excessive employee compensation, and (4) stockpiling.[32] A brief summary of these claims, as set forth in the SAC, is as follows:

1. Failure to conduct competitive bidding: The SAC alleges that "the standard conditions accepted by Palmer in its applications for the . . . ARRA funds required a competitive bidding process for construction contracts."[33] However, "Palmer . . . direct[ed] almost all of the labor costs of the two

---

[29] Docket 40 at 11–14 ¶¶ 20(f), 26 (SAC). The payment requests were made to the Alaska Department of Environmental Conservation, which administered the grants. *See* Docket 40 at 5 ¶ 7 (SAC); *see also* Docket 36 at 2 (Order Granting Mot. to Dismiss FAC).

[30] Docket 40 at 12–14 ¶¶ 20(h), 27 (SAC).

[31] In its Order dismissing the FAC, the Court referred to this claim as "bid-rigging." However, the Court agrees with Palmer that the choice of the term "big-rigging" was inappropriate, as "bid-rigging" suggests a form of collusion. *See* Docket 47 at 4 n.10 (Mot.) (noting use of term "bid-rigging" to describe Ms. Cohen's claim "is far from the traditional definition of that term").

[32] Docket 36 at 3–4 (Order Granting Mot. to Dismiss FAC). Palmer suggests in its motion that the SAC might contain a fifth claim not in the FAC, namely, that Palmer submitted claims for ineligible expenses. *See* Docket 47 at 4, 19–22 (Mot.); *see also* Docket 40 at 43 ¶ 111 (SAC). Palmer advances arguments for dismissing this claim. *See* Docket 47 at 19–22 (Mot.). Ms. Cohen does not respond to these arguments in her opposition, instead addressing only the four claims listed above. Accordingly, to the extent this fifth claim identified by Palmer is a separate claim that is pleaded in the SAC, the Court deems it to have been abandoned. *See* Docket 36 at 3 n.5 (Order Granting Mot. to Dismiss FAC). However, the Court notes that this claim might be considered to be part of the stockpiling claim. Ms. Cohen must clarify the scope of the stockpiling claim if she chooses to file a third amended complaint. *See infra* Part III.C.

[33] Docket 40 at 5–6 ¶ 9(a) (SAC).

3:11-cv-00199-SLG, *United States ex rel. Cohen v. City of Palmer*
Order re Motion to Dismiss
Page 6 of 13

projects to city coffers instead" by having its existing salaried employees perform the work and by billing on a force account basis.[34]

2. Failure to Create Jobs: The SAC alleges that Palmer signed a form certifying that ARRA grant funds would be used "to create jobs and promote economic activity," but "no jobs are known to have been created or saved in Palmer with the ARRA grant funds."[35] The SAC further alleges that "[t]here are a number of qualified companies in South-Central Alaska that could have replaced the water pipes for the Steel Water Main Replacement Project," and "[i]f Palmer had bid the project out it would have created new private sector jobs as ARRA intended in 2009[] and 2010."[36]

3. Excessive Employee Compensation: The SAC alleges that beginning on October 22, 2009 for the water main replacement project and December 30, 2009 for the wastewater treatment plant improvement project, Palmer submitted "payment request[s] to the granting agency (ADEC) . . . to request ARRA funds for excessive employee benefits and fringes."[37] This "excessive billing" continued in 2010 and 2011.[38]

4. Stockpiling: The SAC alleges that "the federal loan funds were . . . purposely used by Palmer to purchase excessive water pipe and materials in the spring of 2010 for future Palmer public works projects unconnected to the two construction projects funded by the ARRA federal loans."[39] According to the

---

[34] Docket 40 at 2–11 ¶¶ 3, 20(a) (SAC).

[35] Docket 40 at 7 ¶¶ 10–11 (SAC); *see also* Docket 1-8 (Certification Forms).

[36] Docket 40 at 7 ¶ 12 (SAC).

[37] Docket 40 at 8–9 ¶¶ 16–17 (SAC). The SAC also alleges that between July 2009 and December 2009, Palmer impermissibly paid its employees "Davis-Bacon union wages." Docket 40 at 8 ¶¶ 14–15 (SAC). However, this pre-March 2010 claim was dismissed with prejudice in the Court's prior Order. *See* Docket 36 at 20–21 (Order Granting Mot. to Dismiss FAC).

[38] Docket 40 at 8–9 ¶ 16 (SAC). Ms. Cohen had previously abandoned this post-March 2010 claim in the course of responding to the motion to dismiss the FAC. *See* Docket 36 at 3 n.5 (Order Granting Mot. to Dismiss FAC). Once again, Ms. Cohen does not respond to Palmer's arguments with respect to this claim in her opposition to the instant motion. However, this may be due to a mistaken belief by Ms. Cohen that the Court dismissed all aspects of Ms. Cohen's excessive employee compensation claim—including the post-March 2010 portion of the claim— with prejudice. *See* Docket 51 at 2 (Opp'n) ("[N]o particular count of liability was dismissed with prejudice by the Court's first decision in this matter, other than the excessive employee benefits count."). Accordingly, the Court will consider on the merits whether dismissal of this post-March 2010 claim is appropriate.

[39] Docket 40 at 2–3 ¶ 3 (SAC).

3:11-cv-00199-SLG, *United States ex rel. Cohen v. City of Palmer*
Order re Motion to Dismiss
Page 7 of 13

SAC, "[a]pproximately $127,000 of steel pipe, copper tubing, gate valves, bends and other materials were ordered . . . 41% beyond the needs of the Steel Water Main Replacement Project."[40] Palmer requested payment "approximately beginning in April 2010" and was reimbursed "approximately beginning in June 2010."[41]

The Court considers only the post-March 2010 portions of these claims.

### B. Palmer's Motion to Dismiss.

Palmer asserts the SAC should be dismissed under Rule 12(b)(6) for failure to allege plausible FCA claims and under Rule 9(b) for failure to allege with particularity facts to support its FCA claims.[42]

The SAC appears to be premised on the theory that by submitting billing statements to ADEC, Palmer impliedly falsely certified that it was in compliance with certain ARRA requirements. The Ninth Circuit has held that impliedly falsely certifying compliance with a law, rule, or regulation can give rise to liability under the FCA if "certification is a prerequisite to obtaining a government benefit."[43] In its prior Order, the Court explained that to state an implied false certification FCA claim, the complaint must allege "(1) the defendant explicitly undertook to comply with a law, rule or regulation that is implicated in submitting a claim for payment and that (2) claims were submitted (3)

---

[40] Docket 40 at 11 ¶ 20(d) (SAC).

[41] Docket 40 13 ¶ 21 (SAC).

[42] Docket 47 at 3 (Mot.).

[43] *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010); *see also U.S. ex rel. Hopper v. Anton*, 91 F.3d 1261, 1266 (9th Cir. 1996) ("Violations of laws, rules, or regulations alone do not create a cause of action under the FCA. It is the false *certification* of compliance which creates liability when certification is a prerequisite to obtaining a government benefit." (emphasis in original)).

3:11-cv-00199-SLG, *United States ex rel. Cohen v. City of Palmer*
Order re Motion to Dismiss
Page 8 of 13

even though the defendant was not in compliance with that law, rule or regulation."[44] Under Rules 12(b)(6) and 9(b), the Court must evaluate the SAC "to determine if it plausibly alleges 'the who, what, when, where, and how' of these three elements" with respect to each claim postdating March 23, 2010.[45]

    *i.   Failure to Conduct Competitive Bidding.*

With respect to the first element of an implied false certification FCA claim, the SAC alleges that ARRA, and specifically ARRA § 1554, required competitive bidding, and that Palmer explicitly undertook to comply with that requirement.[46] ARRA § 1554 provides: "To the maximum extent possible, contracts funded under this Act shall be awarded as fixed-price contracts through the use of competitive procedures."[47] On its face, this provision applies only to *contracts* funded under ARRA, and even then, it only requires competitive procedures "to the maximum extent possible." It does not require Palmer to enter into contracts to use ARRA funds or preclude Palmer from using ARRA funds itself for ARRA purposes. Accordingly, with respect to the failure to conduct competitive bidding claim, the SAC does not plausibly point to a law that was implicated when Palmer submitted its claims for payment.

---

[44] Docket 36 at 23 (Order Granting Mot. to Dismiss FAC) (quoting *Ebeid*, 616 F.3d at 998).

[45] *See* Docket 36 at 23 (Order Granting Mot. to Dismiss FAC) (quoting *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)).

[46] *See* Docket 40 at 2–6 ¶¶ 3, 9(a) (SAC); *see also* Docket 1-4 (Water Main Grant Application); Docket 1-5 (Wastewater Grant Application). The SAC also points to certain other guidance documents and regulations. *See* Docket 40 at 2 ¶ 3. However, as Palmer explains in its motion, none of these sources conditions receipt of ARRA grant funds on the use of competitive bidding. *See* Docket 47 at 6–10 (Mot.).

[47] American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5, § 1554, 123 Stat. 115, 302.

3:11-cv-00199-SLG, *United States ex rel. Cohen v. City of Palmer*
Order re Motion to Dismiss
Page 9 of 13

### ii. Failure to Create Jobs.

The SAC alleges that Palmer signed a form certifying that ARRA grant funds will be used to create jobs and promote economic growth, but no jobs were created because Palmer did not conduct a competitive bidding process.[48] The Court agrees with Palmer that the SAC takes an overly narrow view of job creation and promotion of economic growth.[49] Nothing in the form signed by Bill Allen on behalf of Palmer suggests that Palmer was obliged to use the ARRA funds to create jobs for private sector workers, as opposed to Palmer's own employees.[50] Moreover, it is possible that private sector jobs could have been created and private sector economic growth promoted even if Palmer did not hire an outside company to perform the labor on the projects, since, as Palmer points out, grant money was expended on "materials, engineering and services not provided by Palmer employees."[51] Thus, with respect to the failure to create jobs claim, the SAC does not plausibly point to a law that was implicated when Palmer submitted its claims for payment.

### iii. Excessive Employee Compensation.

The SAC alleges that in 2010 and 2011 Palmer requested payment for excessive employee benefits.[52] The Court agrees with Palmer that this claim fails because the

---

[48] *See supra* notes 28, 35–36 and accompanying text.

[49] *See* Docket 47 at 15 (Mot.).

[50] *See* Docket 1-8 (Certification Forms).

[51] Docket 47 at 15 (Mot.); *see also* Docket 40 at 12–13 ¶ 21 (SAC) (discussing how Ferguson Enterprises provided materials to Palmer).

[52] *See supra* notes 37–38 and accompanying text.

3:11-cv-00199-SLG, *United States ex rel. Cohen v. City of Palmer*
Order re Motion to Dismiss
Page 10 of 13

SAC does not point to any law, rule, or regulation governing employee compensation that was implicated in Palmer's submission of claims for payment.[53]

   iv.   *Stockpiling.*

With respect to the first element of an implied false certification FCA claim, the SAC alleges that in obtaining the ARRA grant funds, Palmer represented that it would "buy only the construction materials and equipment needed to complete the Water Main Replacement project in 2010."[54] With respect to elements two and three, the SAC alleges that Palmer ordered $127,000 worth of excess materials for this project.[55] As for timing, the SAC alleges that on February 22, 2010, "[t]he excess materials were awarded by private bid to Ferguson Enterprises," and that beginning in April 2010, Palmer requested reimbursement from ADEC for the cost of the materials.[56] These allegations meet the requirements of Rules 12(b)(6) and 9(b). However, because the SAC is 45 pages long and contains numerous allegations not relevant to the stockpiling

---

[53] *See* Docket 47 at 16–17 (Mot.) ("[T]o the extent Relator is making other allegations of false implied certification relating to alleged excessive employee compensation and benefits, these claims fail also because she cites not a single law, rule or regulation on which Palmer falsely certified compliance.").

[54] Docket 40 at 10 ¶ 19(d) (SAC); *see also* Docket 1-8 (Certification Forms) (certifying ARRA funds "will be expended only for the purposes . . . identified in ARRA and the Grant Program").

[55] *See supra* note 40 and accompanying text. Palmer argues in its reply that it "ordered just about what was needed, with an allowance for mistakes or unexpected contingencies." Docket 53 at 9 (Reply). In support of this argument, Palmer attached to its reply annotated versions of two of the documents attached to Ms. Cohen's opposition. *See* Dockets 53-1 – 53-2 (Exs. 1–2 to Reply). However, consideration of the merits of the stockpiling claim is premature at this time, and the Court has not considered these documents in deciding the motion to dismiss. *Cf. supra* notes 18–19 (explaining Court does not consider documents outside pleadings in ruling on motion to dismiss).

[56] Docket 40 at 12–13 ¶ 21 (SAC).

3:11-cv-00199-SLG, *United States ex rel. Cohen v. City of Palmer*
Order re Motion to Dismiss
Page 11 of 13

claim, it fails to comply with Rule 8(a).[57] Accordingly, the Court will dismiss the stockpiling claim but grant Ms. Cohen leave to amend to file a third amended complaint that contains only allegations relevant to the stockpiling claim postdating March 23, 2010.

### C. Leave to Amend.

For the reasons set forth in the preceding section, dismissal of the SAC is warranted. Palmer requests that the dismissal be with prejudice, asserting that giving Ms. Cohen another opportunity to amend would be futile.[58] Ms. Cohen requests that "the Court indulge yet a third amendment."[59]

Because Ms. Cohen was self-represented when she filed the SAC and responded to Palmer's motion, the Court will grant her one additional opportunity to amend with respect to the stockpiling claim only. This claim shall be limited to alleged claims for payment made by Palmer after March 23, 2010 for excess materials for the water main replacement project.[60] The failure to conduct competitive bidding, failure to

---

[57] *See* Fed. R. Civ. P. 8(a)(2) (complaint must contain "a short and plain statement of the claim").

[58] Docket 47 at 22–25 (Mot.); *see also Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) ("Although leave to amend a deficient complaint shall be freely given when justice so requires, Fed. R. Civ. P. 15(a), leave may be denied if amendment of the complaint would be futile.").

[59] Docket 51 at 10 (Opp'n).

[60] The SAC's allegations suggest the stockpiling claim pertains only to the water main replacement project. *See, e.g.*, Docket 40 at 12 ¶ 21 ("The City of Palmer, currently storing considerable excess water pipe and materials in its warehouse and storage yard that was billed to the ARRA loan account[] #677221 [i.e., the water main replacement project account] has the obligation for repayment of extra costs to the federal government."). If the stockpiling claim also pertains to the wastewater treatment plant improvement project, Ms. Cohen must provide substantial additional factual support should she choose to file a third amended complaint.

3:11-cv-00199-SLG, *United States ex rel. Cohen v. City of Palmer*
Order re Motion to Dismiss
Page 12 of 13

create jobs, and excessive employee compensation claims will each be dismissed with prejudice, as amendment with respect to those claims would be futile. If Ms. Cohen chooses to amend, she must file the third amended complaint in its entirety, *including all relevant attachments*.[61] The complaint must not include allegations that are not relevant to the stockpiling claim, i.e., that are not relevant to claims for payment for excess materials made after March 23, 2010. If Ms. Cohen fails to comply with these conditions, this case may be dismissed with prejudice in its entirety.

## CONCLUSION

For the foregoing reasons, Palmer's Motion to Dismiss at Docket 47 is GRANTED and the Second Amended Complaint is DISMISSED. Ms. Cohen may file a Third Amended Complaint that remedies the deficiencies identified above within **21 days** of the date of this Order. Again, the Third Amended Complaint must include all relevant attachments, and it may contain only allegations relevant to claims for payment for excess materials made after March 23, 2010. Should Ms. Cohen fail to comply, this action may be dismissed without further notice.

DATED this 15th day of July, 2014, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[61] *Cf.* D.Ak. LR 15.1(3) (amended pleading "may not incorporate any prior pleading by reference").

3:11-cv-00199-SLG, *United States ex rel. Cohen v. City of Palmer*
Order re Motion to Dismiss
Page 13 of 13